## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**DEBBIE MARSHALL,**

    **Plaintiff,**

    **vs.**

                            **Case No.:**

**McDONALD'S CORPORATION**
**AND HMCC, INC.,**

    **Defendants.**

_____

## COMPLAINT
## Demand For Jury Trial

**COMES NOW**, the Plaintiff, Debbie Marshall, by and through her undersigned counsel, brings this lawsuit seeking declaratory relief, injunctive relief, monetary, and punitive damages against Defendants, McDonald's Corporation ("McDonald's") and HMCC, Inc. ("HMCC") (collectively, "The Defendants") for violations of the Florida Civil Rights Act of 1992, and Title III of the Americans with Disabilities Act. Defendants denied the Plaintiff full and equal enjoyment of Defendants' services, facilities, and privileges. Defendants also failed to make reasonable modifications in policies, practices, or procedures, and failed to take such steps as are necessary to ensure the Plaintiff was not excluded, denied services, or otherwise treated differently during her visit to McDonald's.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the actions pursuant to 28 U.S.C. §§ 1331, 1343.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

## PLAINTIFF

3.      Plaintiff, DEBBIE MARSHALL ("Ms. Marshall"), is and was, at all times material hereto, a resident of Duval County, Florida.

4.      Ms. Marshall has broken her back twice, and as a result, walks with a limp and has problems with balance. Due to Ms. Marshall's substantial limitations in walking, standing, lifting, and bending, she is disabled and requires the use of service animal.

## DEFENDANTS

5.      Defendant, McDONALD'S CORPORATION ("McDonald's"), is a restaurant as defined by Title III of the ADA, 42 U.S.C. § 12181(7)(B), 28 C.F.R. § 36.104. McDonald's Corporation is located in Oak Brook, Illinois.

6.      HMCC, INC. ("HMCC") is a Florida Corporation, and the owner and operator of the McDonald's located at 253 E. State Street, Jacksonville, Florida.  This restaurant is a place of public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181(7)(B),  28 C.F.R. § 36.104.

7.      Defendants are places of public accommodation, and covered under the Florida Civil Rights Act. Fla. Stat. § 760.02 (11)[1], Fla. Stat. § 509.092.

---

[1] Disability discrimination claims under the Florida Civil Rights Act are analyzed using the same framework as Americans with Disabilities Act claims. *Samson v. Federal Exp. Corp.,* 746 F.3d 1196 (11th Cir. 2014).

## FACTUAL ALLEGATIONS

8.      Ms. Marshall has broken her back twice, and as a result, she walks with a limp, and has problems with her balance. Ms. Marshall has substantial limitations in walking, standing, lifting, and bending, and requires the use of service animal.

9.      Ms. Marshall's service dog is named Amanda, who is now a seven (7) year old Labrador Retriever. Ms. Marshall has used Amanda for approximately four (4) years. Amanda was trained by a service dog training program, and by Ms. Marshall to provide the service of helping her walk, assisting her to get up from a seated position, and maintaining her balance.

10.     Ms. Marshall is Caucasian.

11.     On or about August 21, 2018, after a doctor's appointment, Ms. Marshall took the city bus to the McDonald's located at 253 E. State Street, Jacksonville, Florida 32202. The plan was for Ms. Marshall's daughter to pick her up at the McDonald's and be driven home.

12.     After getting off the bus at McDonald's, Ms. Marshall and Amanda went into McDonalds.  Although not required by law, Amanda was wearing a service dog vest, and Ms. Marshall had in her possession proof of Amanda's service dog training. Ms. Marshall entered the store and purchased a drink.

13.     Ms. Marshall then went outside to wait for her daughter lawfully on McDonald's premises. Due to Ms. Marshall's severe back problems, she squatted down against the wall of the restaurant to relieve the pressure from her back. Amanda, her service dog, lay quietly at her side.

14.     An African-American male employee, who was outside in the parking lot, told Ms. Marshall to get lost, and get out of there with her dog.  Ms. Marshall informed the employee that she was a paying customer waiting for her daughter to pick her up, and that her dog was a service dog. The employee told her if she doesn't leave she will go to jail. Ms. Marshall told the employee again she was a customer.

15.     As Ms. Marshall waited, her daughter called. Ms. Marshall told her daughter what the employee said to her, and that she was going inside to speak to the manager. Concerned for her mother's safety, Ms. Marshall's daughter told her mother to keep her on the telephone line when Ms. Marshall went inside.

16.     Inside the McDonald's, Ms. Marshall asked to speak with the manager, keeping her daughter on the telephone to listen.  The manager was an African-American female. Ms. Marshall informed the manager about the discriminatory remarks made by the employee in the parking lot. Ms. Marshall further explained the dog was a service animal, and she was a customer at the restaurant. Other employees gathered around Ms. Marshall and the manager.

17.     The manager began swearing at Ms. Marshall, telling her "I don't give a fuck what kind of dog it is" and threatened to call the police. During the exchange, Ms. Marshall was called a "damn cracker." The male employee, from the parking lot, was now inside the store and was screaming out to tell Ms. Marshall to "get the fuck off the property," and to "put a muzzle on the dog." Ms. Marshall kept telling the manager the dog was a service dog, but the discriminatory remarks continued when a McDonald's employee said something to the effect of *damn, you crackers*.

18.   Based on her race and disability, Ms. Marshall was denied access to the services of the restaurant, and elevating her concerns to the manager on site to seek redress. Instead of addressing and preventing further discriminatory exclusion, the manager exacerbated the discriminatory behavior.

19.   Ms. Marshall was humiliated and degraded by the treatment of the Defendants.

20.   Not wanting a confrontation, Ms. Marshall went outside to see her daughter pulling up to the restaurant. Upon arrival, her daughter went into the store to talk to the same manager about her mother's treatment. The manager told the daughter, "I don't have time for this shit."   Ms. Marshall called the non-emergency phone number for the Jacksonville Sherriff's Office (JSO) to report the incident and seek help.

21.    When the JSO deputy arrived, Ms. Marshall and her daughter explained what occurred. The deputy advised Ms. Marshall and her daughter he would speak to the manager, and that they could leave.

22.   Ms. Marshall's daughter also called the telephone number of the corporate office provided on the door of the restaurant for help.

23.   This discriminatory event caused emotional harm and degradation to Ms. Marshall who was a paying patron at McDonald's and lawfully there with her service dog. Ms. Marshall was treated in a discriminatory fashion based on her disability, her race, and color.

24.   Ms. Marshall would like to return to the McDonald's, have her disability accommodated, and be treated equitably based on her race, and color.

## COUNT I

## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT

25.     Plaintiff repeats and re-alleges allegations ¶¶ 1-24 in support of her claims.

26.     Plaintiff has timely complied with all legally required administrative prerequisites before filing this action. Plaintiff received two (2) Notices from the Florida Commission on Human Relations (FCHR), one for the Plaintiff against each Defendant, dated June 19, 2019, confirming satisfaction of the exhaustion requirement. According to the FCHR the Defendants have received the same Notices.

27.     A restaurant is a place of public accommodation according to Florida Statute § 760.02 (11)(b).  Defendants are places of public accommodation.

28.     All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion. Fla. Stat. § 760.08.

29.     Defendants violated the Florida Civil Rights Act by discriminating against the Plaintiff with reckless disregard for her rights when they, knowingly and brazenly, denied Ms. Marshall the ability to use Defendants' services which included: lawfully waiting on the premises, elevating her complaint to management based on her disability, race, and color, and being free from discriminatory treatment.

30.     As a result of Defendants' actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment,

emotional distress, and a deprivation of her rights to non-discrimination on the basis of the Plaintiff's disability, race, and color.

**WHEREFORE,** Plaintiff respectfully requests the relief listed below:

## COUNT II

## VIOLATIONS OF FLORIDA STATUTE § 509.092

31.     Plaintiff repeats and re-alleges allegations ¶¶ 1-24 in support of her claims.

32.     Plaintiff has timely complied with all legally required administrative prerequisites before filing this action. Plaintiff received two (2) Notices from the Florida Commission on Human Relations (FCHR), one for the Plaintiff against each Defendant, dated June 19, 2019, confirming satisfaction of the exhaustion requirement. According to the FCHR the Defendants have received the same Notices.

33.     Defendants are public food service establishments as defined by Florida Statute § 509.092.

34.     A public food service establishment has the right to refuse service to any person who is objectionable or undesirable to the operator, but such refusal may not be based upon race, creed, color, sex, pregnancy, physical disability, or national origin. Fla. Stat. § 509.092.

35.     Defendants violated Florida Statute § 509.092 by discriminating against the Plaintiff with reckless disregard for her rights when they, knowingly and brazenly, denied Ms. Marshall the ability to continue to use  Defendants' services which included: lawfully waiting on the premises, elevating her complaint to management based on her disability, race, and color, and being free from discrimination.

36.    As a result of Defendants' actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of the Plaintiff's disability, race, and color.

**WHEREFORE,** Plaintiff respectfully requests the relief listed below:

<u>**COUNT III**</u>

<u>**TITLE III OF THE AMERICAN WITH DISABILITIES ACT**</u>

37.    Plaintiff incorporates and re-alleges paragraphs ¶¶ 1-24 as it fully set forth herein.

38.    Defendants are entities covered by Title III of the ADA, 42 U.S.C. § 12101, *et seq.*

39.    Defendants, McDonald's and HMCC, are private entities that own, lease, operate, and/or manage a place of public accommodation, as defined by Title III of the ADA 42 U.S.C. § 12181(6) (7), 28 C.F.R. § 36.104.

40.    Title III of the Americans with Disabilities Act states that no person shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations by any person who owns or operates a place of public accommodation. 42 U.S.C. § 12182.

41.    Defendants denied Plaintiff the opportunity to benefit from its services, facilities, privileges, advantages, and accommodations that were equal to that afforded to other individuals who are not disabled in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

42.     Defendants intentionally failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford Plaintiff with its goods, services, facilities, privileges, advantages, and/or accommodations in violation of the prohibition against discrimination based on disability contained in Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

43.     As a result of Defendants' actions described above, Plaintiff suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of her rights to non-discrimination on the basis of her disabilities.   In engaging in this unlawful conduct described above, Defendants acted maliciously to damage the rights and dignity of Plaintiff.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A.     That the Court assume jurisdiction;

B.     Issue a declaratory judgment that Defendants' policies, procedures, and practices have subjected Plaintiff to discrimination in violation of  the Florida Civil Rights Act, Florida Statute § 509.092, and Title III of the Americans with Disabilities Act;

C.     Enjoin Defendants from any policy, procedure, or practice that will deny individuals, such as Plaintiff, equal access to and an equal opportunity to participate in and benefit from Defendants' services, based on disability, race, or color;

D.     Order Defendants to train its employees at the facility in question about Plaintiff's rights, and the rights of individuals who use service animals;

E.     Train all employees at the facility in question about Racial Discrimination;

F.      Award compensatory damages for violation on the Florida Civil Rights Act and Florida Statute § 509.092;

G.      Award punitive damages for violation of the Florida Civil Rights Act and Florida Statute § 509.092;

H.      Award reasonable attorney's fees, expenses, and costs of suit; and

I.      Grant such other relief as the Court may deem equitable and just under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues which can be heard by a jury.

DATE: July 15, 2019.

Respectfully submitted,

**MORGAN AND MORGAN**

*/s/ Sharon Caserta*
Sharon Caserta, Esq.
Florida Bar No.: 0023117
Morgan & Morgan
Deaf /Disability Rights
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
(904) 361-0078 (Voice)
(904) 245-1121 (Videophone)
(904) 361-4305 (Facsimile)
scaserta@forthepeople.com
*Trial Counsel for Plaintiff*